# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

v.

RONALD B. MCDANIELS, and
RONNIE B. WELLS,

CRIMINAL COMPLAINT

CASE NUMBER: 12-972M(NJ)

I, Mark E. Banks, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On August 16, 2012, in the City of Milwaukee, and in the State and Eastern District of Wisconsin, the above-named individuals did knowingly and intentionally conspire to possess with the intent to distribute and distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, § 2.

I further state that I am a Special Agent for the Wisconsin Department of Justice, Division of Criminal Investigation, and that this complaint is based on the facts contained in the attached affidavit.

Continued on the attached sheet and made a part hereof: ✔ Yes

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

September 25th, 2012         at   Milwaukee, Wisconsin
Date                               City and State

Nancy Joseph, U.S. Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Mark E. Banks, being duly sworn, state as follows:

1. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by the law to conduct investigations of and to make arrests for the offenses enumerated in Title 18, United States Code, Section 2516. I am a special agent of the Wisconsin Department of Justice Division of Criminal Investigation (DCI) and have been so employed for over 22 years. I am currently assigned to the Milwaukee High Intensity Drug Trafficking Area (HIDTA) task force. I have specialized training and experience in narcotics smuggling and distribution investigations. During my tenure with the DCI, I have participated in over 100 narcotics investigations, and have authored over 50 affidavits supporting wire and electronic intercepts, criminal complaints, search and seizure warrants. I have debriefed more than 100 defendants, informants, and witnesses who had personal knowledge regarding major narcotics trafficking organizations. I am familiar with narcotics traffickers' methods of operation including the distribution, storage, importation, and transportation of narcotics, the collection of money which represents the proceeds of narcotics trafficking, and money laundering.

2. This affidavit is submitted in support of an application for a criminal complaint. Because this affidavit is submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation for the criminal complaint.

3. During the course of the investigation into the drug trafficking activities of Ronald B. McDANIELS, law enforcement has learned that the target of the investigation Ronald

1

B. McDANIELS often utilizes other members of his drug operation to deliver controlled substances at his direction. McDANIELS utilizes his cellular telephone to communicate with prospective buyers but is not always present at the delivery. During a controlled buy of heroin negotiated with McDANIELS on August 6, 2012, a second individual Ronnie B. WELLS a known associate delivered the heroin instead of McDANIELS.

4. On August 15, 2012, law enforcement with the use of a confidential informant (CI) made contact with Ronald B. McDANIELS at telephone number 414-840-2854 to arrange a purchase of heroin. The CI indicated that her girlfriend would conduct the purchase of heroin. An undercover officer, DCI Special Agent Christina McNichol, would play the role of the girlfriend during the controlled purchase.

5. On August 16, 2012, SA Nichol exchanged a series of phone calls and text messages with Ronald B. McDANIELS at telephone number 414-840-2854 to arrange for the purchase of 7 grams of heroin for $2,000. SA Nichol eventually agreed to conduct the deal in Milwaukee at a Walgreens drug store. Just prior to the delivery McDANIELS contact SA Nichols and indicated that he did not want to do the deal in the parking lot because there were surveillance cameras. SA Nichols then agreed to conduct the deal several blocks away from the Walgreens.

6. On August 16, 2012, SA Nichols purchased 7 grams of heroin from Ronald B. McDANIELS and an associate, Ronnie B. WELLS, in Milwaukee. SA Nichol was seated in her vehicle when she was approached by WELLS and McDANIELS. McDANIELS approached her vehicle and opened the passenger side door at which time WELLS placed the heroin on the front passenger seat. SA Nichol placed the $2,000 in United States currency on the seat and it was picked up by McDANIELS to complete the transaction.

2

7. On August 16, 2012, the heroin purchased from McDANIELS and WELLS was weighed and tested and tested positive for heroin. The heroin weight was 5.27 grams. On the same date as the delivery, the CI received a text message from McDANIELS using telephone number 414-840-2854, that he made a mistake and gave SA Nichol the wrong package and had 2 more grams of heroin for the CI.